**979 AYERS vs. THE GOVERNOR AND STATE BOARD OF AUDITORS, 42 M., 422.**

To require the board to take action under Act No. 168, Laws of 1879, relative to contracting for the publication of the Supreme Court reports.

Granted January 13, 1880.

Held, that while the court will not interfere with the discretion of the governor, nor subordinate him to its process, nor will it review the exercise of political and executory functions, when not ministerial, State officers have many duties which the courts will compel them to perform. The remedy by mandamus is not precluded by the fact that respondent may be liable, as for a misdemeanor. A private person who would be a competent bidder under a State law for letting a contract, may appear as relator by his own counsel in a mandamus proceeding to compel State officers to carry out the law, if the public interest requires

prompt action, and the attorney-general declines to appear for him. The rule rejecting the intervention of private complaints against public grievances is one of discretion and not of law. Judicial discretion is always involved in mandamus cases, concerning the relief as well as other questions.